UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. ANDREWS, </br></br> Petitioner, </br></br> v. </br></br> UNITED STATES OF AMERICA, </br></br> Respondent. | Civil Action No. </br> 16-12636-NMG |

## MEMORANDUM AND ORDER

GORTON, D. J.

For the reasons stated below, the Court will deny the petition and dismiss the action without prejudice.

### I. Background

Before the Court is pro se prisoner Michael P. Andrews' petition for a writ under the All Writs Act, 28 U.S.C. §1651, specifically a writ of audita querela. On April 1, 2015, the Court re-sentenced the petitioner to 108 months' custody for one count of conspiracy to possess with intent to distribute at least 500 grams or more of cocaine and at least 100 grams or more of heroin. United States v. Andrews, 11-cr-10062, Judgment, ECF No. 1065. Petitioner did not appeal the sentence, nor did he file a 28 U.S.C. §2255 motion to challenge the sentence. Twenty months later, on December 15, 2016, plaintiff filed a petition styled as a motion pursuant to "28 U.S.C. §1651, The All Writs Act – for 'New Defense no Available at the Time of Conviction." The 29-page petition devotes much attention to the nature of the writ requested, but little coherent argument as to why petitioner believes he is entitled to relief. It appears petitioner's claim is that case law has developed since his conviction that permits him to challenge sentencing enhancements. From the

relief sought, the plaintiff's recourse is in the nature of a 28 U.S.C. §2255 motion to vacate, modify or correct his sentence.

## II. Discussion

Petitioner's claim, to the extent the Court can discern it at all, appears to fall within the statutory framework of 28 U.S.C. §2255,[1] and therefore a writ of audita querela is not available. "Failure to raise an available claim does not permit an end-run around the requirements of § 2255 by resort to § 2241 or the All Writs Act." United States v. Barrett, 178 F.3d 34, 57 (1st Cir. 1999). "The armamentarium of common-law writs… is thus available only to fill whatever interstices exist in the post-conviction remedial scheme made available to federal prisoners by way of section

---

[1] Petitioner's request for a common law writ may be an intentional effort to avoid 28 U.S.C. §2255 because he may be time barred. Under 28 U.S.C. §2255, a plaintiff seeking to challenge his sentence may move pursuant to 28 U.S.C. §2255(a) in the sentencing court for an order to vacate, set aside or correct the sentence. A one-year period of limitations applies to file the motion from the latest of: (1) the date of final judgment, (2) the date an unlawful or un-Constitutional government-imposed impediment to filing is removed if it prevented movant from filing, (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. See 28 U.S.C. §2255 (f). Here, no §2255 motion was filed within one year of the conviction and therefore would be untimely under 28 U.S.C. §2255(f)(1). Even presuming the post-sentencing case law cited by petitioner was applicable, such a motion would likely still be untimely under 28 U.S.C. § 2255(f)(3). First, Johnson v. United States, 135 S.Ct. 2551 (2015), was decided in June 2015. To the extent that Plaintiff sought, under §2255, to make a Johnson claim, which recognized a new right, he had until July 2016 to make such a claim but failed to do so. Second, Petitioner's reliance on Mathis v. United States, 136 S.Ct. 2243(2016), although a more recent decision, fares no better because that case did not create a newly recognized right by the Supreme Court, and therefore does not extend the time to file under 28 U.S.C. §2255(f)(3). United States v. Taylor, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016)(citing Dimott v. United States, No. 2:06-CR-26-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016)("Because Mathis is an extension of Supreme Court precedent…a Mathis claim is not based on a constitutional right that has been newly recognized by the Supreme Court.")(quotations omitted); Adams v. United States, No. 2:05-CR-00008-GZS, 2017 WL 1040346, at *3 (D. Me. Mar. 16, 2017); Goins v. United States, No. 2:10-CR-19-JRG-1, 2016 WL 7131785, at *2 (E.D. Tenn. Dec. 6, 2016). The other limitations periods under 28 U.S.C. §2255(f)(2) and (4) do not appear to apply.

2255." Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008)(citing United States v. Ayala, 894 F.2d 425, 428 (D.C.Cir.1990). "This gap-filling approach makes it essential for courts to plot, and then to patrol, the boundaries between section 2255 and the universe of old common-law writs." Trenkler, 536 F.3d at 97. "Otherwise, artful pleaders will tiptoe around those boundaries and frustrate Congress's discernible intent." Id. The Court is ultimately "guided by the precept that substance trumps form." Id. "Thus, '[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.'" Id. (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). The Court does not convert the petition to a §2255 motion based upon the great lengths to which petitioner has gone to argue for a common law writ and because the contours of the legal claims are unclear if it were to be treated as §2255. Rather, the Court will deny the petition because the remedy sought here—a common law writ— is inappropriate because even if a §2255 motion would likely be procedurally barred, there is no post-conviction remedy gap to fill by resort to the writ.

### III. Conclusion

For the foregoing reasons,

1. Petitioner's Motion Under 28 U.S.C. §1651, the All Writs Act – For New Defense Not Available at the time of Conviction, is hereby DENIED.

2. This action is DISMISSED without prejudice.

**So Ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: April 11, 2016